## CHARLES H. ROSE *v.* DAVID K. TRASK.

### No. 1509.

### ORIGINAL.

ARGUED OCTOBER 29, 1923.        DECIDED OCTOBER 30, 1923.

### PETERS, C. J., PERRY AND LINDSAY, JJ.

PRIMARY ELECTIONS—*contests.*

Assuming but not deciding that the provisions of the Primary Law (Sec. 48, R. L. 1915) making the "laws relating to elections" applicable to primaries include by necessary implication the laws pertaining to contests of elections, the limitation contained therein that the laws relating to elections shall only be applicable "in so far as they shall be consistent with" the Primary Law excludes

the provisions of the Municipal Act pertaining to contests of municipal elections, such provisions being inconsistent with the Primary Law.

OPINION OF THE COURT BY PETERS, C. J.

This is an original proceeding instituted in this court to contest the nomination at the primary election held on October 13, 1923, of David K. Trask as a candidate on the democratic ticket at the ensuing municipal election to be held on November 6, 1923, for the office of sheriff of the City and County of Honolulu.

The respondent demurred to the petition upon the ground, among others, "that this court has no jurisdiction of the subject matter of said petition and has no authority to grant the relief sought by the said petitioner."

The Primary Law (Act 151, S. L. 1913, Ch. 8, R. L. 1915) contains no express provision permitting a contest of a primary election. The contestant claims, however, that while no express provision is contained in the Primary Law permitting a contest of a primary election the Municipal Act providing a government for the City and County of Honolulu (Act 118, S. L. 1907, Ch. 111, R. L. 1915) provides for contests of municipal elections and inasmuch as section 23 of the Primary Law (Sec. 48, R. L. 1915) makes the laws relating to elections applicable to primaries the Municipal Act pertaining to contests was by necessary implication made a part of and incorporated in the Primary Law and hence is applicable to primary elections.

Section 23 of the Primary Law reads as follows: "The laws relating to elections shall apply to all primaries in so far as they shall be consistent with this chapter, the intent of this being to place the primary under the regulation and protection of the election laws, as far as possible, consistently with the provisions of this chapter."

Assuming but not deciding that the words "laws relat-

ing to elections" as contained in section 23 of the Primary Law include by necessary implication the existing law respecting contests of elections and that the provisions of the Municipal Act in respect to contests of elections are applicable to primaries for ensuing municipal elections the question is whether or not they are consistent with the Primary Law. If inconsistent with the Primary Law they come within the limitation imposed by section 23 and cannot be applied to primaries.

So much of the Municipal Act pertaining to contests of elections as is necessary to be considered is as follows:

"Sec. 1689. Validity of ballot. All questions as to the validity of any ballot cast at any election held under this chapter shall be decided immediately and the opinion of the majority of the board of inspectors of election at each polling precinct shall be final and binding, subject to revision by the supreme court of the Territory as hereinafter provided."

"Sec. 1690. Petition to contest. Any candidate directly interested, or any thirty duly qualified voters of any election district may file a petition in the supreme court of the Territory setting forth any cause or causes why the decision of any board of inspectors should be reversed, corrected or changed."

"Sec. 1691. Filing of petition. Such petition shall be filed in the office of the clerk of the supreme court within thirty days following the election proposed to be contested and shall be accompanied by a deposit of twenty-five dollars for costs of court."

"Sec. 1692. Summons. The clerk shall thereupon issue to the respondents named in such petition a summons to appear before the supreme court within ten days after the service thereof."

"Sec. 1695. Hearing, judgment. At the hearing, the court shall cause the evidence to be reduced to writing and shall give judgment, stating all findings of facts and of law. Such judgment may invalidate the election on the grounds that a correct result cannot be ascertained be-

cause of a mistake or fraud on the part of the inspectors, of election; or decide that a certain candidate, or certain candidates, received a majority or plurality of the votes cast and were elected. If such judgment should be that the election was invalid, a certified copy thereof shall be filed with the mayor, and he shall duly call a new election to be held within sixty days after filing such judgment; and if the court shall decide which candidate or candidates have been elected a copy of such judgment shall be served on the city and county clerk, who shall sign and deliver to such candidate, or candidates certificates of election, and the same shall be conclusive of the right of the candidate or candidates to the office."

Obviously the provisions quoted in themselves refer exclusively to contests of municipal elections as distinguished from a primary, which is merely a means provided by law for the selection of partisan or nonpartisan candidates at an ensuing election for which the primary is held. The scope of a primary is apparent from sections 2 and 3 of the Primary Law (R. L. 1915, Secs. 27 and 28), the latter of which was amended by Act 223, S. L. 1923.

Section 2 is as follows: "Nomination of candidates. All candidates for elective offices shall be nominated in accordance with the provisions of this chapter, and not otherwise. * * *"

Section 3 as amended is as follows: "Primary held when; candidates only those nominated. 1. The primary shall be held at the regular polling place in each precinct on the first Saturday of October in the year 1916 and biennially thereafter; provided, that in such county or counties or city and county where an election of county officers has by law been fixed to take place in November of any odd year, a primary shall also be held on the second Saturday of the first month preceding such election month and biennially thereafter for the election of such county officers. 2. No person shall be a candidate for the ensuing

general or county election unless he shall have been nominated in the primary next prior thereto."

But assuming that by force of the provisions of section 23 of the Primary Law the word "election," wherever it appears in the provisions of the Municipal Act, concerning contests of elections, is to be construed to include primary as well as municipal elections, these provisions are clearly inconsistent with the provisions of the Primary Law.

By section 1691, R. L. 1915, it is provided that a petition for a contest may be filed within thirty days following the election proposed to be contested. By section 1692, *Id.*, the respondent has ten days after service upon him of process within which to appear and answer the petition. Were both the contestant and contestee to take advantage of the full time allowed them respectively under the statutes, even assuming this court should give immediate attention to the petition, forty days would have intervened between the primary election sought to be contested and the hearing upon the contest. By section 1687, R. L. 1915, the date of the general municipal election is fixed as the first Tuesday after the first Monday of November. The general municipal election for which the contested primary was held will occur on November 6 next. Hence twenty-three days will have intervened between the primary election and the ensuing election. Variations may occur but the interval of time between the primary and the general election would not materially fluctuate. Under the circumstances the ensuing general municipal election may have been held prior to the hearing upon the contest or even prior to the elapsation of the time granted by the statute for the filing of a petition for a contest. Such a situation is incompatible with the existing Primary Law.

Again, the judgments which this court may enter under the provisions of section 1695, R. L. 1915, are not in ac-

cord with the terms of the Primary Law. If this court should for any of the causes enumerated in that section declare the primary election for candidates at the ensuing municipal election for sheriff invalid no machinery is provided by the Primary Law to call a new primary. Neither section 1695 nor section 1682, R. L. 1915, the latter of which provides for a special election in the case of a tie between two or more candidates at a general municipal election, is applicable to the Primary Law. But assuming that the provisions of section 1695 permitting the mayor to call a new election to be held within sixty days after the filing of the judgment of this court includes the power to call a new primary election the time allowed the contestant and contestee under the statutes to respectively file a petition for a contest and answer, the additional time which would be necessarily consumed by this court upon the hearing of the contest and finally the time required for a new primary would have created a delay which is not reconcilable with any theory of our Primary Law. And even if a new primary were held there is no provision in the Municipal Act authorizing a call for or the holding of a special election for sheriff pursuant to such primary. Further, if it were the judgment of this court that the contestant had received a plurality of the votes cast (the contestant does not claim that he received a majority), it would not entitle the contestant to a declaration of his election and the consequent issuance to him by the city and county clerk of a certificate of election. If the petition herein were to be heard upon its merits and the contestant prevail the best to which he would be entitled would be a judgment that he was the duly nominated candidate on the democratic ticket for election to the office of sheriff at the coming general municipal election.

Under the circumstances we are constrained to hold

that the law respecting the contests of municipal elections is inconsistent with the Primary Law and hence forms no part thereof and that there being no other law granting to the petitioner the right to contest in this court the primary election of which he complains this court must disclaim jurisdiction over the subject-matter of the petition.

In accordance with our oral opinion heretofore rendered the demurrer to the petition on the second ground thereto, which is hereinbefore quoted, must be sustained and it is so ordered.

S. B. Kemp of the firm of Huber & Kemp and C. M. Hite for petitioner.

I. M. Stainback, J. L. Coke and N. W. Aluli for defendant.